**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL
66 PENSION FUND, STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 WELFARE FUND,
STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL
66 ANNUITY FUND, STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND, STEPHEN
FLANAGAN, as a Trustee of the GENERAL
RECOMMENDATION BUILDING
LABORERS' LOCAL 66 YORK STATE
HEALTH AND SAFETY FUND, and
STEPHEN FLANAGAN, as Business Manager
of GENERAL BUILDING LABORERS'
LOCAL UNION NO. 66 of the LABORERS'
INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,

**ADOPTION ORDER**

13-cv-6023(ADS)(AKT)

     Plaintiff,

   -against-

MARCO MARTELLI ASSOCIATES, INC. and
MARCO MARTELLI,
     Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**LaVelle & Menechino Law Office, LLP**
*Attorneys for the Plaintiff*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
 By: Alicia M. Menechino, Esq., Of Counsel

1

**SPATT, District Judge**.

On October 30, 2013, the Plaintiff Stephen Flanagan, Trustee of the General Building Laborers' Local 66 Pension Fund, Welfare Fund, Annuity Fund, Laborers Employer Cooperative and Educational Trust Fund, Greater NY Laborers' Employer Cooperative and Educational Trust Fund, New York State Health and Safety Fund, Training Program, and as Business Manager of the General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO (the "Plaintiff") commenced this action.

The Plaintiff asserts claims against the Defendants Marco Martelli Associates, Inc. and Marco Martelli (collectively, the "Defendants") pursuant to Sections 1145 and 1132(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and Section 185(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

The Plaintiff seeks to recover delinquent fringe benefit contributions and union wages/dues for the period between August 24, 2010 and October 15, 2011, pursuant to the Collective Bargaining Agreements entered into by General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO (the "Union") and the Defendants.

On May 31, 2014, the Plaintiff requested a Certificate of Default with the Clerk of the Court. On June 2, 2014, the Clerk of the Court issued the Certificate of Default and certified the Defendants' default.

On June 8, 2014, the Plaintiff moved for default judgment.

On June 27, 2014, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment

2

should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On January 29, 2015, Judge Tomlinson issued a Report recommending that the Plaintiff's motion for default judgment be granted and that the Plaintiff be awarded the following damages: (i) $23,955.75 for unpaid contributions; (ii) pre-judgment interest on unpaid contributions through May 31, 2014 in an amount to be determined by the Clerk's Office; (iii) liquidated damages in the same amount as the pre-judgment interest calculated by the Clerk's Office; (iv) $1,608.31 in attorneys' fees; and (v) $555.00 in costs and disbursements.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 18, 2015, Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS)(SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error). Accordingly, the January 29, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted. The Clerk of the Court is directed to enter judgment for the Plaintiff and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
March 9, 2015

                                                  *Arthur D. Spatt*
                                                ARTHUR D. SPATT
                                            United States District Judge